IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DEAN SIMONELLI, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:15-cv-00572-TFM |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Dean Simonelli ("Plaintiff") brought this action for judicial review of the decision of the Commissioner of Social Security ("Commissioner"), which denied his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403. The parties have filed cross-motions for summary judgment (ECF Nos. 7, 10), which have been fully briefed (ECF Nos. 9, 11) and are ripe for disposition. For the following reasons, Plaintiff's motion will be **DENIED**, and the Commissioner's motion will be **GRANTED**.

**II.     Background**

Plaintiff was born on June 30, 1965.[1] (R. 46). He is married and has three teenage children. He is a high school graduate and has extensive past relevant work experience as a union ironworker and welder. On February 15, 2009, Simonelli received a chiropractic

---

1.      As of his alleged onset date, Plaintiff was 43 years old, making him a "younger person" under the regulations. 20 C.F.R. § 404.1563(c) ("If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work.").

1

adjustment to his neck, which allegedly caused damage to his phrenic nerve and impaired his ability to breathe. As a result of his reduced level of activity, Simonelli gained almost fifty (50) pounds and experienced problems associated with obesity. The ALJ assumed that Simonelli had not engaged in substantial gainful activity since his alleged onset date, although Simonelli reported income for several years from his ownership and management of a welding business. Simonelli stated in his Function Report that he engaged in very little activity because it is very hard for him to breathe. On the other hand, he reported that he was able to prepare meals, mow his lawn with a riding mower, take out the garbage, drive a vehicle, shop for groceries, and watch his children's sporting events. R. 460-463. At the hearing, he testified that he is able to hunt and ride an off-road vehicle. R. 61-63. The ALJ determined that Simonelli's testimony as to the extent of his limitations was not fully credible.

### A. Procedural History

Plaintiff filed an application for DIB on March 18, 2010. After a hearing in January 2012, Administrative Law Judge ("ALJ") Alma S. de Leon determined that Simonelli could perform light work and was, therefore, not disabled. The Appeals Council remanded for further consideration. Specifically, the Appeals Council instructed that upon remand, the ALJ should: (1) obtain evidence from a medical expert to clarify the severity of Plaintiff's impairment and opine as to his residual functional capacity ("RFC"); (2) evaluate his obesity and sleep disorder; (3) consider his RFC throughout the entire period at issue and explain the weight given to treating and non-treating medical sources; and (4) if warranted, obtain evidence from a VE. R. 106-108.

A second hearing was held on December 19, 2013 before ALJ Regina Carpenter in Morgantown, West Virginia. Plaintiff was represented by counsel and testified at the hearing, as

did an impartial medical expert ("IME") and an impartial vocational expert ("VE"). On February 4, 2014, the ALJ issued a fourteen (14) page opinion, which concluded that Plaintiff was not disabled through the date of the ALJ's decision. (R. 14-27). The ALJ's decision became the final decision of the Commissioner on April 1, 2015, when the Appeals Council denied Plaintiff's request to again review the decision of the ALJ.

On May 1, 2015, Plaintiff filed his Complaint in this Court, in which he seeks judicial review of the decision of the ALJ. The parties' cross-motions for summary judgment then followed.

### B. Medical Evidence

Simonelli originally claimed disability due to a paralyzed diaphragm (due to the damage to his phrenic nerve), a ruptured disk in his back, carpal tunnel syndrome and hearing loss. The ALJ found that Simonelli suffered from the following medically determinable severe impairments: (1) right phrenic nerve injury causing restrictive lung impairment; (2) obesity; and (3) alcohol use/abuse. In his appeal, Plaintiff has alleged error only with respect to the ALJ's evaluation of the phrenic nerve/lung condition. The Court will limit its recitation of the medical evidence accordingly.

Simonelli relies primarily on the opinion of his primary care physician, Dennis Davis, M.D. As the ALJ noted, Simonelli made infrequent visits to Dr. Davis, who essentially gave refills of medications but did not provide ongoing treatment for his alleged impairments. R. 36-37. On September 21, 2011, Dr. Davis sent a letter to Plaintiff's attorney in which he opined that Simonelli suffered a phrenic nerve injury due to his chiropractic manipulations and was "totally disabled as a result of the phrenic nerve injury." R. 632, 655. Attached to the letter was an RFC

3

assessment, in which Dr. Davis opined that Simonelli could frequently lift 10 and 25 pounds; stand and/or walk at least 2 hours in an 8-hour workday; sit about 6 hours in a workday; and could never climb stairs, ladders or scaffolding or crawl. Dr. Davis noted that Simonelli should avoid any exertion, fumes, dust and chemicals which may lead to shortness of breath, but had no manipulative, visual or communication limitations. R. 633-639.

Three pulmonary function tests were performed on Simonelli, which measured his Forced Expiratory Volume ("FEV1"); Forced Vital Capacity ("FVC"); and Diffusing Capacity for Carbon Monoxide ("DLCO"). In every instance, the measurements exceeded the levels that would constitute a Listed Impairment under Listing 3.02(A), (B) or (C) (Chronic pulmonary insufficiency). The test results (and applicable Listing standards) were as follows:

|  | FEV1 | FVC | DLCO |
| --- | --- | --- | --- |
| March 2009 | 1.99 | 2.41 | 23.30 or 72% |
| June 2010 | 2.17/2.28 | 2.68/2.79 | 20.98 or 65% |
| September 2011 | 2.41 | 2.91 | 21.65 or 67% |
| Listing 3.02 | 1.55 | 1.75 | 10.5 or 40% |

R. 499, 534, 602. Simonelli had an elevated right hemidiaphram and linear atelectasis involving the right base, but his heart was not enlarged, he had normal pulmonary vascularity and otherwise clear lungs with no active infiltrate or interval change. R. 561.

The record contains testimony from an impartial medical expert, Keith R. Holan, M.D., a consultative examination in June 2010 by state agency physician Richard Hahn, M.D., and an RFC assessment in July 2010 by state agency consultant Paul Fox, M.D. Drs. Holan, Hahn and Fox each opined, essentially, that Simonelli could perform a range of light exertional work, i.e.,

that he could lift 10/20 pounds, stand and walk for two hours, had no manipulative restrictions, but had postural limitations and should be protected from airborne contaminants. Dr. Holan agreed at the hearing that the pulmonary function studies indeed show severe restrictions in flow volume, spirometry and volume and that his airway is significantly increased. R. 45. John Penek, M.D., reviewed the medical record on behalf of Plaintiff. Dr. Penek noted no current restrictions, but opined that the phrenic nerve injury would shorten Simonelli's life expectancy. R. 630.[2]

The ALJ gave the greatest weight to the objective medical findings of Dr. Davis, Simonelli's primary care physician. However, he accorded "no weight" to the general statement by Dr. Davis that Simonelli was disabled because: (1) the ultimate decision regarding disability is reserved to the Commissioner; and (2) the statement was inconsistent with Dr. Davis' own findings regarding Simonelli's capabilities. The ALJ gave lesser weight to the opinions of Drs. Holan, Hahn and Fox, although he noted that they were consistent with each other and with the objective findings in the record. The ALJ gave little weight to the opinion of Dr. Penek, which did not advise specific limitations and was given to Plaintiff's attorney in connection with a medical malpractice lawsuit.

### III.   Legal Analysis

#### A.   Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g). If the Commissioner's finding is supported by substantial evidence, it is

---

[2] The February 17, 2014 report from Milton Klein, D.O., was submitted after the ALJ's decision. Therefore, it cannot be considered by this Court. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir.2001) (judicial review limited to the record considered by the ALJ).

conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). It consists of more than a scintilla of evidence, but less than a preponderance. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798 (3d Cir. 2010).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545-46 (3d Cir. 2003) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118-19 (3d Cir. 2000)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (internal citation omitted); 42 U.S.C. § 423 (d)(1). This may be done in two ways: (1) by introducing medical evidence that the claimant is disabled per se because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, *see Heckler v. Campbell*, 461 U.S. 458 (1983); *Newell*, 347 F.3d at 545-46; *Jones v. Barnhart,* 364 F.3d 501, 503 (3d Cir. 2004); or, (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is

nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Newell*, 347 F.3d at 545-46; *Jones*, 364 F.3d at 503. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Rutherford*, 399 F.3d at 551; *Newell*, 347 F.3d at 546; *Jones*, 364 F.3d at 503; *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any single impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 502 (3d Cir. 2009); 42 U.S.C. § 423(d)(2)(C) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").

**B.     Discussion**

Plaintiff appears to concede that he does not meet the requirements of Listing 3.02. Nevertheless, Plaintiff contends that his impairment is equivalent in severity to a listed impairment and that the ALJ erred in rejecting the opinion of his treating physician, Dr. Davis. In

7

particular, Plaintiff relies on Dr. Davis' letters to counsel, in which Dr. Davis stated that Simonelli is "totally disabled."

Plaintiff's argument is unpersuasive and is based on a fundamental misunderstanding of the role of a treating physician. The ultimate decision of whether a claimant is disabled is a legal decision, not a medical decision, and is reserved to the Commissioner of Social Security. Thus, "a statement by a plaintiff's treating physician supporting an assertion that [he] is 'disabled' or 'unable to work' is not dispositive...." *Adorno v. Shalala*, 40 F.3d 43, 47–48 (3d Cir. 1994) (*citing Wright v. Sullivan*, 900 F.2d 675, 683 (3d Cir.1990)). The Social Security Administration has made clear that not only are these types of conclusory statements not "entitled to controlling weight," but they are not even entitled to any "special significance." Social Security Ruling ("S.S.R.") 96–5P at *5 (S.S.A. July 2, 1996). Therefore, the ALJ did not err in rejecting Dr. Davis' barebones opinion of Plaintiff's inability to work. To the contrary, the ALJ properly gave great weight to the clinical findings of Dr. Davis; acknowledged his opinion regarding Simonelli's "total disability"; and carefully explained that Dr. Davis' conclusory opinion was not entitled to any weight because it was inconsistent with the objective medical record, including his own treatment records. R. 23.

In this case, there is more than substantial evidence to support the ALJ's finding that Simonelli is not disabled. All of the medical evidence, including Dr. Davis' own findings, reflected that Simonelli retained the residual functional capacity to perform a wide range of light and/or sedentary work. The ALJ thoroughly reviewed the record and properly explained the evidentiary basis for her conclusions.

## IV. Conclusion

It is undeniable that Plaintiff has a number of impairments, and this Court is empathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. All of the medical examiners -- and the ALJ -- recognized that Simonelli suffered a phrenic nerve injury which severely impairs his ability to breathe. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and her conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that Simonelli is able to perform a wide range of work at the light exertional levels.

For these reasons, the Court will **GRANT** the Motion for Summary Judgment filed by the Commissioner and **DENY** the Motion for Summary Judgment filed by Plaintiff. An appropriate Order follows.

McVerry, S. J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN SIMONELLI,<br>          **Plaintiff,**<br><br>         v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br>          **Defendant.** | ) ) ) ) ) 2:15-cv-00572-TFM ) ) ) ) ) ) ) |

## ORDER

**AND NOW**, this 1st day of October, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the MOTION FOR SUMMARY JUDGMENT filed by Plaintiff (ECF No. 7) is **DENIED** and the MOTION FOR SUMMARY JUDGMENT filed by the Commissioner (ECF No. 10) is **GRANTED** .

                                                                           BY THE COURT:

                                                                           s/ Terrence F. McVerry<br>                                                                           United States District Judge

cc:      **Laura Elizabeth Balzarini**
           Email: lbal@comcast.net

           **Paul Kovac**
           Email: paul.kovac@usdoj.gov